UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JS-6

| | |
|---|---|
| SHIRLEY J. GOODWIN, ) | EDCV 98-66 RT |
| Plaintiff, ) | |
| v. ) | **JUDGMENT AS TO DEFENDANTS JOSEPH SHUCK AND CITY OF SAN BERNARDINO** |
| CITY OF SAN BERNARDINO and ) JOSEPH SHUCK, ) | |
| Defendants. ) | |

This action came on for trial as to the remaining claims of the First Amended Complaint ("FAC") against the defendants Joseph Shuck ("Shuck") and City of San Bernardino ("City") for deprivation of Plaintiff Shirley Goodwin's Fourth Amendment right to be free from an unlawful entry into her residence pursuant to 42 U.S.C. § 1983 ("Section 1983") and for invasion of privacy and trespass ("supplemental state claims"), on August 4, 2008 before the Court and a jury. Robert J. Timlin, District Judge, presided. The plaintiff, Shirley Goodwin ("Goodwin"), was represented by attorney Andre Jardini and Shuck and the City were represented by attorney Joseph Arias.

A jury of nine persons was regularly impaneled and sworn. Witnesses were sworn and testified and exhibits were admitted into evidence. After the evidence was presented and arguments of counsel, the jury was duly instructed by the Court and the cause was submitted to the jury with directions to return special verdicts on certain questions. The jury deliberated and thereafter returned into court with its special verdicts which consisted of answers to the questions which were in words as follows:

"Was Defendant Joseph Shuck, a peace officer, employed by the City of San Bernardino on July 27, 1997?" Answer: "YES."

"Were defendant Joseph Shuck's actions in entering plaintiff's residence on July 27, 1997 in the course and scope of his employment as a police officer of the City of San Bernardino?." Answer: "YES."

"Did defendant Joseph Shuck deprive plaintiff Shirley J. Goodwin of her right under the Fourth Amendment to the U.S. Constitution to be free from an unlawful entry into her residence?" Answer: "NO."

"Did defendant Joseph Shuck invade the privacy of plaintiff Shirley J. Goodwin?" Answer: "NO."

"Did defendant Joseph Shuck trespass upon the residence of plaintiff Shirley J. Goodwin?" Answer: "NO."

Dated: <u>8 August 2008</u>                               <u>Sharon S. Mori</u>

                                                                         Foreperson of the Jury

As to the defendant City, the claims in the FAC against it for deprivation of Goodwin's federal constitutional rights under the Fourth, Eighth, and Fourteenth Amendments, in violation of 42 U.S.C. § 1983 under the *Monell* theory were based on those same claims as alleged against Defendants Shuck and Paul Gumbert ("Gumbert"). Those claims against Shuck and Gumbert were decided in their favor and against Goodwin, resulting in their alleged conduct not constituting violations of Goodwin's constitutional rights. Therefore, as a matter of law, City is not liable to Goodwin on those claims.

Regarding the remaining supplemental state claims in the FAC by Goodwin against City, they were alleged against City solely based on a respondeat superior theory. All those claims, as also alleged against Gumbert and Shuck as employees of the City, were determined in favor of Gumbert and Shuck, thereby resulting in the City, as a matter of law, not being liable to Goodwin on those supplemental state claims.

Accordingly, IT IS ORDERED AND ADJUDGED that (1) defendants City of San Bernardino and Joseph Shuck have judgment against plaintiff Shirley J. Goodwin on all the remaining claims in the FAC against them; (2) plaintiff Shirley J. Goodwin take nothing against defendants City of San Bernardino and Joseph Shuck in this action; and (3) defendants City of San Bernardino and Joseph Shuck recover from plaintiff, Shirley J. Goodwin, their costs in the amount of $ _____.

DATED: 8/26/08

~~ROBERT J. TIMLIN~~
ROBERT J. TIMLIN
UNITED STATES DISTRICT JUDGE